**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID BENNETT, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> *Defendant*. | Civil Action No. 24 - 3668 (LLA) |

**MEMORANDUM OPINION**

Plaintiff David Bennett, proceeding pro se, filed this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to compel the United States Postal Service ("USPS") to comply with his request for various records related to the USPS's services. ECF No. 1. The USPS has moved to dismiss the complaint. ECF No. 15. Mr. Bennett has also filed a variety of motions: for judicial notice and the appointment of counsel and a guardian *ad litem*, ECF Nos. 9, 13, for leave to intervene in a bankruptcy case as an interested party, ECF No. 25, for leave to file a "Federal SLAPP Motion," ECF No. 26, and for the court to provide involuntary petition for bankruptcy forms, ECF No. 27. For the foregoing reasons, the court will grant the USPS's motion to dismiss, ECF No. 15, and deny Mr. Bennett's pending motions.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations drawn from Mr. Bennett's complaint, ECF No. 1, are accepted as true for the purpose of evaluating the motion before the court, *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). The court further takes judicial notice of Mr. Bennett's FOIA request, ECF No. 15-1, and the USPS's response, ECF No. 15-2,

which are incorporated by reference into Mr. Bennett's complaint, *see Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015); ECF No. 1, at 3-4.

Mr. Bennett is incarcerated at Yolo County Jail in Woodland, California.  ECF No. 1, at 1; ECF No. 1-3.  He seeks records from the USPS about its "business" model because he wishes to start a "sell-by-mail business."  ECF No. 1, at 1-3.  By letter dated June 17, 2024, Mr. Bennett sent the USPS a request seeking "Information and Records of Information about your service, how to use your service as a consumer, How to do Business with your service, Partnerships, Contracts, catalog[u]e, and your Brochure providing [a] listing of business opportunities available with your service," information about "how to use your service for online mailing service for Business Partnering with you, and sell by mail [business] information for my magazine and Newspaper article Business."  ECF No. 15-1, at 1-2; ECF No. 18, at 8.  He also requested information about a "Prison Stamp Exchange."  ECF No. 15-1, at 2; ECF No. 18, at 8.  A representative from the USPS denied the request, stating that FOIA "does not require the Postal Service to answer questions, provide explanations or other information that is not contained in its records already in existence, or render opinions."  ECF No. 15-2, at 1.[1]  In response to the denial letter, Mr. Bennett made a "Non[-]FOIA" request asking for "the [s]ame [r]ecord and information."  ECF No. 1, at 4. He received no response to that subsequent request.  *Id.*

On November 12, 2024, Mr. Bennett filed this action against USPS employees Kevin Rayburn and Coletta Hughes.  ECF No. 1.  He filed a motion for leave to proceed *in forma pauperis* in June 2025, ECF No. 2, which the court granted, ECF No. 4.  The court, explaining that FOIA cases may proceed only against a federal agency and not an individual, dismissed Mr. Rayburn

---

[1] Mr. Bennett asserts in his opposition to the USPS's motion to dismiss that this is not the real denial letter he received.  ECF No. 18, at 1-2.

and Ms. Hughes and substituted the USPS as the defendant.  ECF No. 5.  Mr. Bennett filed motions

for the court to take judicial notice and for the appointment of counsel, ECF No. 9, and for the

appointment of counsel and a guardian *ad litem*, ECF No. 13, both of which the USPS opposed,

ECF No. 16.  The USPS filed its motion to dismiss, ECF No. 15, which is fully briefed, ECF

Nos. 15, 18, 19.  Mr. Bennett thereafter filed a motion to intervene in a bankruptcy proceeding,

ECF No. 25, a motion to file a "Federal SLAPP Motion," ECF No. 26, and a motion to assist him

in commencing an involuntary bankruptcy proceeding against a business, ECF No. 27.

## II.  LEGAL STANDARDS

### A.  FOIA

The purpose of FOIA is "to pierce the veil of administrative secrecy and to open agency

action to the light of public scrutiny."  *Am. C.L. Union v. U.S. Dep't of Just.*, 655 F.3d 1, 5

(D.C. Cir. 2011) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)).  FOIA requires

an agency to release non-exempt records if it receives a request that "(i) reasonably describes such

records and (ii) is made in accordance with published rules stating the time, place, fees (if any),

and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).  FOIA places the initial burden of

drafting a reasonably descriptive request on the plaintiff.  *See Corley v. Dep't of Just.*, 998 F.3d

981, 989 (D.C. Cir. 2021).  Accordingly, an agency's obligations under FOIA begin only "once an

agency has received a proper FOIA request."  *Citizens for Resp. & Ethics in Wash. v. Fed. Election

Comm'n*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013).

A plaintiff seeking judicial review under FOIA must generally exhaust its administrative

remedies before filing suit.  *Wilbur v. Cent. Intel. Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per

curiam).  "[F]ailure to comply with FOIA and agency requirements—by, for example, failing to

reasonably describe the records—'amounts to a failure to exhaust administrative remedies, which

warrants dismissal.'"  *Frost Brown Todd LLC v. Ctrs. for Medicare & Medicaid Servs.*, No. 21-CV-2784, 2024 WL 450056, at *2 (D.D.C. Feb. 5, 2024) (quoting *Dale v. Internal Revenue Serv.*, 238 F. Supp. 2d 99, 102-03 (D.D.C. 2002)).  FOIA's exhaustion requirements are jurisprudential, not jurisdictional, and "failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar."  *Wilbur*, 355 F.3d at 677 (internal quotation marks omitted) (quoting *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003)).

While FOIA cases are typically decided on motions for summary judgment, *see Leopold v. Dep't of Def.*, 752 F. Supp. 3d 66, 74 (D.D.C. 2024), a motion to dismiss under Federal Rule of Civil Procedure 12 can be the appropriate vehicle for determining whether the plaintiff has filed a procedurally compliant FOIA request and exhausted his administrative remedies, *see Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 922 F.3d 480, 487-88 (D.C. Cir. 2019); *Hidalgo*, 344 F.3d at 1260.

### B.      Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).  Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In determining whether a complaint fails to state a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

### C.    Pro Se Litigants

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Thus, "the complaint must still 'present a claim on which the [c]ourt can grant relief'" in order to defeat a motion to dismiss under Rule 12(b)(6). *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (quoting *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013)).

### III.    DISCUSSION

### A.    Motion to Dismiss

A FOIA request must "reasonably describe[]" the records being requested. 5 U.S.C. § 552(a)(3)(A). A request meets this requirement if it is "sufficient [to] enable[] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir.

1990) (quoting H.R. Rep. No. 93-876 (1974)). "Broad, sweeping requests lacking specificity are not sufficient." *Dale*, 238 F. Supp. 2d at 104. But even where a request has "sufficient precision to enable the agency to identify [the records]," "[a]n agency need not honor a request that requires 'an unreasonably burdensome search.'" *Am. Fed'n of Gov't Emps., Loc. 2782 v. U.S. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990) (quoting *Goland v. Cent. Intel. Agency*, 607 F.2d 339, 353 (D.C. Cir. 1978)). That is especially so where the requester seeks "a vast quantity of material" that is not tailored to the requester's purpose for requesting the material. *Id.* Because it is "the requester's responsibility to frame [its] request[] with sufficient particularity to ensure that searches are not unreasonably burdensome[] and to enable the searching agency to determine precisely what records are being requested," an agency is not required to respond to a request that falls short in either respect. *SAI v. Transp. Sec. Admin.*, 315 F. Supp. 3d 218, 248 (D.D.C. 2018) (second alteration in original) (quoting *Assassination Archives & Rsch. Ctr., Inc. v. Cent. Intel. Agency*, 720 F. Supp. 217, 219 (D.D.C. 1989)).

The USPS contends that Mr. Bennett's FOIA request did not reasonably describe the records sought and that the request would require an overly burdensome search and post-search review efforts.[2] ECF No. 15, at 6-9. Because the court agrees that Mr. Bennett has not reasonably

---

[2] The USPS also argues that the court should dismiss Mr. Bennett's California state law claims pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 15, at 5-6. In his opposition, Mr. Bennett disclaims making any state law claims and instead clarifies that he merely cited state law to inform the court's interpretation of FOIA. ECF No. 18, at 2-3. The USPS is correct that the California Public Records Act, which by its own terms applies only to state actors, *see* Cal. Gov't Code § 7922.530, cannot waive the federal government's sovereign immunity from suit, *see Sookra v. Pfizer, Inc.*, No. 24-CV-1249, 2025 WL 341732, at *4 (D.D.C. Jan. 30, 2025), *report and recommendation adopted,* No. 24-CV-1249, 2025 WL 1545354 (D.D.C. Mar. 26, 2025) (dismissing claims brought against federal government defendants for violation of a state law).

described the records he requests, the court will dismiss the complaint without reaching the USPS's arguments about burden.

### 1.    Vagueness

The USPS first argues that Mr. Bennett's requests for effectively "every piece of information about any service ever offered by the United States Postal Service" and every piece of information about doing business with the USPS are unclear as to which particular documents Mr. Bennett actually seeks.  ECF No. 15, at 7-8.  The court agrees that Mr. Bennett's request does not identify what records are being sought with sufficient precision.

"The linchpin inquiry is whether the agency is able to determine precisely what records are being requested—[b]road, sweeping requests lacking specificity are not sufficient." *Gun Owners of Am.*, *Inc. v. Fed. Bureau of Investigation*, 594 F. Supp. 3d 37, 43 (D.D.C. 2022) (alteration in original) (internal quotation marks omitted) (quoting *Dale*, 238 F. Supp. 2d at 104).  Mr. Bennett's requests are exactly the type of sweeping request that courts in this Circuit routinely deem impermissibly vague.  For example, Mr. Bennett asks the USPS for "Records of Information about your service."  ECF No. 15-1, at 1; ECF No. 18, at 8.  This request for information "about" a general topic does not reasonably describe the records sought because it "seek[s] all materials related to a certain topic." *Frost Brown Todd LLC*, 2024 WL 450056, at *3.  Courts routinely dismiss similarly worded requests that "seek records 'pertaining to,' 'relating to,' or 'concerning' broad subject areas." *Bader Fam. Found. v. U.S. Equal Empl. Opportunity Comm'n*, No. 23-CV-976, 2025 WL 915563, at *4 (D.D.C. Mar. 26, 2025); *see About*, Merriam-Webster Dictionary (defining "about" to mean "with regard to" or "concerning").  While requests containing such phrases are not categorically overbroad, courts usually disapprove of such requests, *see Gun Owners*, 594 F. Supp. 3d at 47-48 & n.5 (collecting cases), the subjectivity of

7

which could "sweep in any communication," *Am. Ctr. for L. & Just. v. U.S. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 85 (D.D.C. 2021); *see, e.g.*, *Louise Trauma Ctr., LLC v. U.S. Immigr. & Customs Enf't*, No. 20-CV-3787, 2025 WL 637369, at *7 (D.D.C. Feb. 27, 2025) (rejecting a request for "all records concerning [an agency's] 'information processing system' and the 'electronic searches' it permits"); *Pinson v. U.S. Dep't of Just.*, 245 F. Supp. 3d 225, 244-45 (D.D.C. 2017) (finding overbroad a request for all documents generated during the prior decade "concerning the activities" of two prison gangs). The use of "about" in Mr. Bennett's request fails to "clearly identify what relation . . . records must have to the topic[s] it has identified." *Cato Inst. v. Dep't of Def.*, No. 21-CV-1223, 2023 WL 3231445, at *3 (D.D.C. May 3, 2023). Indeed, taken literally, Mr. Bennett's request could apply to just about any document in the USPS's possession related to its mail service. Because "a record may [be 'about'] something without specifically mentioning it," the breadth of Mr. Bennett's request "leaves the agency to guess at [Mr. Bennett's] intent.'" *Sack v. Cent. Intel. Agency*, 53 F. Supp. 3d 154, 164 (D.D.C. 2014). FOIA does not require agencies to engage in such guesswork.

Another part of Mr. Bennett's request exemplifies the same issue: he seeks "(5) Contracts." ECF No. 15-1, at 1; ECF No. 18, at 8. But what contracts, or other records about contracting, does Mr. Bennett seek? Over what time period? Pertaining to which issues? It cannot be, for example, that Mr. Bennett seeks every employment contract that the USPS has entered in with its hundreds of thousands of employees. Again, a reasonable agency would have little choice but to guess at Mr. Bennett's intent.

Indeed, Mr. Bennett's requests are even less specific than those deemed impermissibly vague by other courts in this Circuit. Take, for example, *Anand v. U.S. Department of Health and Human Services*, No. 21-CV-1635, 2023 WL 2646815 (D.D.C. Mar. 27, 2023). The plaintiff there

requested that the Department of Health and Human Services provide "all reports from Blue Cross Blue Shield corporation to [the Office of the Inspector General] concerning improper prescribing of opiates by specific physicians." *Id.* at *2.  The plaintiff's request pertained to a specific policy involving one corporation, yet the court still concluded that such a request would require a fishing expedition because the "concerning" language was too vague. *Id.* at *13.  The court explained that such requests require the agency to devise some method for discerning what information "concerns" a topic, in part because a record may "concern" a topic without literally mentioning that topic. *Id.*  The court also found that the word "improper" was insufficiently limiting because "there is latitude in what constitutes '*improper* describing of opiates' such that it would not allow [the agency] to identify the records sought." *Id.*  Mr. Bennett's requests are facially much broader than the request at issue in *Anand*: he requests information about not just one policy or person, but the entire set of services the USPS provides, including the provision of mail and selling of stamps.

Mr. Bennett responds that his request was reasonably described by search terms including "'Identifiable,' 'Searchable,' 'Reproducible,' 'Responsive,' 'Retrievable,' 'downloadable,' and in an 'online or Electronic Format' located on Defendant[']s website." ECF No. 18, at 2.  The USPS points out that none of these words appear in the text of Mr. Bennett's FOIA request, but even if they had, those words do not clarify what records would or would not be responsive.  ECF No. 19, at 2.  Mr. Bennett's proposed limiting language, even if it were included in the original FOIA request, misses the point.  Words like "responsive," searchable," and "downloadable" do nothing to limit the substantive scope of Mr. Bennett's request.  "Responsive" repeats an adjective already contained in FOIA's definition of a search, *see* 5 U.S.C. § 552(a)(3)(D), and the latter two terms merely specify the format of record Mr. Bennett wishes to receive.  In short, Mr. Bennett's broad descriptions "leave the unfortunate FOIA processor assigned to [his] case in a hopeless muddle

without clear guidance about what documents are being sought." *Am. Ctr. for L. & Just.*, 573 F. Supp. 3d at 85.

Finally, Mr. Bennett suggests that "Defendant[] had reason to know that certain locations may have responsive Documents in a[n] Electronic Form or Format." ECF No. 18, at 6-7. But even if the USPS were able to locate *some* records it believed were responsive to Mr. Bennett's request, its duty to disclose records is triggered only by a request that reasonably describes the records sought such that an agency would know which records are responsive and which are not. *See Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020). As the court has already explained, Mr. Bennett's request does not meet this requirement, so the USPS was not required to produce any records.[3]

### 2.    Mr. Bennett's Additional Arguments

Mr. Bennett makes several additional arguments in his opposition to the motion to dismiss. None cuts against the court's conclusion that he failed to reasonably describe the records sought. First, he alleges that "what [the USPS] claim[s] to be [the] denial letter is not." ECF No. 18, at 1-2. But besides his conclusory statement that the USPS has provided the court with a fraudulent denial letter, Mr. Bennett fails to explain why the denial letter is relevant to the question whether the USPS was required to respond to his FOIA request.

---

[3] As noted, the USPS also argues that Mr. Bennett's request is invalid because it would require an unreasonably burdensome search and post-search review. ECF No. 15, at 8-9. While the court would ordinarily address all of the USPS's arguments for dismissal, the question of a search's burden is generally better suited for resolution at summary judgment. *See Protect the Pub.'s Tr. v. U.S. Dep't of Lab.*, No. 22-CV-2849, 2023 WL 6160014, at *2 n.2 (D.D.C. Sep. 21, 2023). In any event, because the USPS's argument about the burden of the search largely repeats its vagueness argument, which the court has already addressed, the court need not reach the question of burden.

Second, Mr. Bennett requests attorney's fees and costs. ECF No. 18, at 5. At the outset, the court notes that Mr. Bennett could not recover attorney's fees because he is proceeding pro se. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 260 (D.C. Cir. 1993) (holding "that a *pro se* non-attorney may not recover attorney fees under" FOIA's fee-shifting provision). Further, Mr. Bennett is not eligible for costs or fees under 5 U.S.C. § 552(a)(4)(E)(i) because he has not "substantially prevailed" on his request for records—indeed, the agency has not produced any of his requested records. And while Mr. Bennett claims that he is entitled to fees under 42 U.S.C. § 1988, that provision applies only to actions enforcing certain civil rights statutes, not FOIA suits.

Third, Mr. Bennett claims that the USPS's response to his FOIA request violated his First, Eleventh, and Fourteenth Amendment rights. ECF No. 18, at 4. "Because the FOIA's 'comprehensive scheme' provides the exclusive remedy of an injunction for claims arising from the withholding of agency records, [Mr. Bennett] may not recover monetary damages and he states no claim upon which relief may be granted for the separately alleged constitutional violations." *Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) (quoting *Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002)).[4]

\*       \*       \*

For the foregoing reasons, the court will grant the USPS's motion to dismiss Mr. Bennett's FOIA complaint, ECF No. 15. And because Mr. Bennett cannot cure the deficiencies in his case

---

[4] In any event, Mr. Bennett's claim under the Fourteenth Amendment is actually one under the Fifth Amendment because the Fourteenth Amendment applies only to actions by a state, not by federal agencies like the USPS. *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) (assessing the plaintiff's discrimination claim against a federal entity under the Fifth Amendment).

11

by amending his complaint, the court will dismiss the complaint with prejudice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

### B.        Mr. Bennett's Motions to Appoint Counsel

Mr. Bennett has also twice requested that this court appoint him counsel to aid him in the presentation of his case.  ECF Nos. 9, 13.[5]  The court has the power to appoint counsel to pro se litigants who have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Loc. Civ. R. 83.11(b)(3).  The court's determination should take into account the "[n]ature and complexity of the action," the "[p]otential merit" of the plaintiff's claims, the plaintiff's "[d]emonstrated inability . . . to retain counsel by other means," and whether and to what extent the interests of justice will be served by the appointment of counsel.  *Id.*  Mr. Bennett has stated his claims clearly, such that the court has been able to discern that he fails to state FOIA a claim upon which relief can be granted.  "Because the legal issues in this case are not complex, and because [Mr. Bennett's] claims lack merit, the interests of justice would not be served by diverting the limited resources of the *pro bono* panel to this case."  *Brown v. Fed. Aviation Admin.*, No. 23-CV-2251, 2025 WL 958321, at *12 (D.D.C. Mar. 31, 2025); *see Timms v. U.S. Att'y Gen.*, No. 24-CV-3100, 2024 WL 5294259, at *2 (D.D.C. Dec. 31, 2024) (denying request for

---

[5] Mr. Bennett also asks the court to take judicial notice of his criminal proceedings and other civil actions in the U.S. District Court for the Eastern District of California and in the U.S. Court of Appeals for the Ninth Circuit.  *See* ECF No. 9; ECF No. 13, at 3 (noting that "[a]ll my Federal complaints have been Dismissed for the same reason").  To the extent he requests review of "wrongfully denied" motions in other cases, ECF No. 13, at 4, it is well-settled that "[a] federal district court lacks jurisdiction to review decisions of other federal courts," *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

appointment of counsel as moot after dismissing the case).  The court will accordingly deny Mr. Bennett's motions for appointment of counsel, ECF Nos. 9, 13.[6]

### C.        Mr. Bennett's Remaining Motions

Mr. Bennett has three additional motions pending before the court.  He first filed a "Motion for Leave to File for Bankruptcy Requesting for Forms and Self-Help Information."  ECF No. 25, at 1.  In that motion, Mr. Bennett claims he is an "interested party" in a bankruptcy proceeding in Texas because the entity that filed for bankruptcy "might owe [him] money."  *Id.* at 1-2.  He requests a "status update" on that bankruptcy case, a list of related cases, and a packet of information providing him with bankruptcy forms and other assistance.  *Id.* at 3.  The Clerk's Office has already mailed a bankruptcy packet and form to Mr. Bennett.  *See* Nov. 6, 2025 Docket Entry.  If Mr. Bennett seeks to intervene in another lawsuit, he must file his request to intervene in that lawsuit, not in this one.  *See* Fed. R. Civ. P. 24(c).

Next, Mr. Bennett filed a "Motion for Leave to File Federal SLAPP Motion."  ECF No. 26, at 1.  This motion appears to reference California's anti-SLAPP law, Cal. Civ. Proc. Code § 425.16.  That statute provides protection to certain individuals who have been sued for engaging in protected activity; it does not provide an affirmative cause of action entitling a plaintiff to relief such as the records Mr. Bennett apparently seeks here.  *See* Cal. Civ. Proc. Code § 425.16(b)(1).  To the extent Mr. Bennett seeks relief under a federal "SLAPP Act," no such act exists.

---

[6] The court will also deny Mr. Bennett's request that the court appoint a "Guardian Ad Litem for PC § 1370 competency proceedings."  ECF No. 13, at 6.  The court understands Mr. Bennett to be referencing the California Penal Code, which dictates the procedures for California state courts to assess the mental competency of criminal defendants.  *See* Cal. Pen. Code § 1370.  But this action is governed by federal law, not California law.  And because the court is dismissing Mr. Bennett's case, his request for a guardian *ad litem* is moot.

Finally, Mr. Bennett filed a "Motion for Involuntary Petition For Individuals Filing for Bankruptcy Forms," in which he asked for "[a]ny [s]elf-[h]elp [i]nformation this court can provide" for his filing of a "Traffic[k]ing Bankruptcy Personal Injury Complaint" in another district. ECF No. 27, at 1-2. But Mr. Bennett provides no legal basis nor sufficient details for this court to provide such information.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant the USPS's motion to dismiss, ECF No. 15, and dismiss Mr. Bennett's complaint, ECF No. 1, and the case with prejudice. The court will also deny Mr. Bennett's pending motions, ECF Nos. 9, 13, 25 to 27. A contemporaneous order will issue.

LOREN L. ALIKHAN
United States District Judge

Date:   March 11, 2026